UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ERICA RODRIGUEZ,

                  Plaintiff,

        - against –

HOSTOS COMMUNITY COLLEGE, and,
CITY UNIVERSITY OF NEW YORK,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**Civil Case No.:**

**COMPLAINT AND JURY DEMAND**

## INTRODUCTION

1. Plaintiff Erica Rodriguez ("Plaintiff") brings this action through her attorneys, Imbesi Law Group P.C., against Defendants Hostos Community College ("HCC" or "Defendant") and City University of New York ("Defendant" or "CUNY"), seeking damages and other appropriate relief for Defendants' discriminatory actions.

## NATURE OF ACTION

2. This is an action for employment discrimination in which Plaintiff was discriminated on the basis of her gender (female) and sexual orientation (lesbian).

3. Plaintiff was repeatedly discriminated against by her supervisors and other employees during her course of employment.

1

4. Despite making several formal complaints to Defendants, the discriminatory treatment never ceased and Plaintiff was subject to merciless taunting and harassment on the basis of both her gender and sexual orientation.

5. Plaintiffs' complaint is brought under Title VII of the Civil Rights Act of 1964 ("Title VII" or "24 U.S.C. §2000e-2"), the New York State Human Rights Law, §§ 290 *et seq.* ("State HRL"), and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.* ("City HRL").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. § 1367, because the state law claims are related to the federal claims such that the state law claim arose out the same case or controversy as the federal law claim.

8. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as the events and conduct giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff is a resident of Chicago, Illinois.

10. Defendant CUNY is a non-profit education corporation whose principal place of business is located at 205 East 42nd Street, New York, New York, 10017.

11. Defendant HCC is a public college authorized to conduct business in the State of New York and does conduct business in the State of New York.

12. HCC is a two-year community college within the CUNY public education system.

13. Defendants are "employers" as defined in the applicable federal, state and city statutory authorities.

14. Plaintiff is an "employee" as defined in the applicable federal, state, and city statutory authorities.

## STATEMENT OF FACTS

**A. Background**

15. On March 29, 2019, Plaintiff spoke with an employee named Julio Centenio ("Mr. Centenio") regarding employment at HCC as a custodial assistant.

16. Mr. Centenio told Plaintiff that he was hesitant to hire Plaintiff because of the way that she spoke and dressed since he was not used to dealing with gay employees.

17. Despite Mr. Centenio's hesitations, on or about April 1, 2019, Plaintiff was hired to work in a custodial position.

18. Plaintiff's job duties included assisting other custodial staff in the maintenance and repair of school facilities at HCC.

19. Around the time that Plaintiff's employment began, she started experiencing discrimination from other HCC employees and her supervisors.

20. Plaintiff specifically started experiencing discrimination on the basis of her gender (female) and sexual orientation (lesbian).

21. Plaintiff would encounter comments from employees and supervisors that she did not appear feminine, she looked like a male character from a television show, and that she was having a secretive relationship with another female colleague.

22. Plaintiff's supervisors and other HCC staff would continually make derogatory remarks about the fact that she was a woman and a lesbian.

23. After the discriminatory treatment, Plaintiff often made formal complaints to her supervisors about the derogatory remarks she endured, but Defendants failed to remedy the situation.

### B. Discrimination on the Basis of Gender and Sexual Orientation

#### 1. Incident with Mr. Gadson

24. On August 19, 2019, Plaintiff had a meeting with Patrick Laurence ("Mr. Laurence"), a senior custodial supervisor, and Mr. Wilbert Gadson ("Mr. Gadson"), a custodial assistant, and Mr. Centenio ("Mr. Centenio), a superintendent of buildings.

25. Plaintiff requested the meeting because Mr. Gadson repeatedly discriminated against Plaintiff by making comments about her sexual orientation.

26. Mr. Gadson stated that Plaintiff's "masculine appearance" made him uncomfortable and he did not feel comfortable working with her.

27. Mr. Gadson would continually remark that Plaintiff walked, spoke, and acted, "too much like a man."

28. Mr. Centenio defended Mr. Gadson and told Plaintiff that Mr. Gadson's comments were meant to be a joke. Plaintiff did not think the offensive comments were humorous.

29. Despite Plaintiff's complaint, Mr. Gadson continued his discriminatory treatment towards Plaintiff and frequently told her that he wanted her to stay away because she was making him uncomfortable and he could not work with, "a person like that."

**2. Incident with Mr. Cosme and Ms. Welch**

30. On November 3, 2019, an employee named Kristina Welch (Ms. Welch") was speaking with another employee named Anthony Cosme ("Mr. Cosme").

31. When Plaintiff was walking in the hallway near Ms. Welch and Mr. Cosme, they mocked her and said, "here comes Ross," a reference from the television show *Friends*.

32. Plaintiff reported this to Mr. Laurence since it was not the first time that both employees made this comment about Plaintiff regarding her appearance and sexual orientation.

33. Shockingly, Plaintiff was blamed for the discriminatory comments and told that the comments were her fault and she should learn to work better along other employees.

34. Plaintiff was also told that she is too emotional and too sensitive.

35. Again, Defendants failed to remediate the situation.

**3. Incident with Mr. Brown**

36. On November 21, 2019, a custodial supervisor named Mr. Arnold Brown ("Mr. Brown") met with Plaintiff on the second floor.

37. Mr. Brown accused Plaintiff of avoiding his phone calls during work hours.

38. Mr. Brown further accused Plaintiff of flirting around Plaintiff's co-worker named Doris Aguilar.

39. This claim by Mr. Brown was unfounded and upon information was solely to demean and harass Plaintiff on the basis of her sexual orientation.

5

40. The same day as this occurrence with Mr. Brown, Plaintiff reported the incident to her senior supervisor Mr. Patrick Laurence at his office

41. Mr. Brown became irate that Plaintiff reported him and while she was speaking with Mr. Laurence, he started yelling through the office door using expletives.

42. Mr. Brown screamed, among other things, that, "Erica thinks I'm fucking stupid!" and "she thinks she is cute hanging around with Doris! no one is fucking scared of Erica fuck her if this was a park or play-ground it be another story! If i lose my job watch, it's going to be another story! She thinks no one knows about her and Doris, Erica think she is cute and shit."

43. As a result of Mr. Brown's threats and screaming, Plaintiff filed a police report.

44. On November 22, 2019, Mr. Brown mocked Plaintiff in the break room in front of other employees and said that she "walked like a man."

45. Plaintiff again reported the discrimination via an in-office meeting with Ms. Yadira Marcucci ("Ms. Marcucci"), custodial supervisor, and Mr. Centenio.

46. Mr. Centenio again tried to brush the harassment off as a joke and told Plaintiff that Mr. Brown did not mean to say what he did, and Plaintiff should "forget about him."

47. Plaintiff reiterated that Mr. Brown regularly mocked the way she walked, spoke, and dressed because she is gay, and that she did not find his comments to be a joke.

48. Mr. Centenio laughed and disregarded Plaintiff's complaints.

49. Mr. Centenio then asked Plaintiff about an unsubstantiated rumor regarding an alleged affair between her and an employee named "Doris."

### C. Plaintiff's Termination as a Form of Retaliation

50. Plaintiff was a dedicated employee who was discriminated against and targeted because of her sexual orientation and gender.

51. On December 9, 2019 Plaintiff was called into a meeting with human resources.

52. Plaintiff was told that she allegedly failed to properly discipline another employee and would be terminated.

53. Plaintiff was not given much information regarding how she allegedly failed to discipline another employee whom she was supervising.

54. At the time of Plaintiff's termination, she had made numerous complaints to her supervisors regarding the discriminatory treatment she was experiencing on the basis of gender and sexual orientation.

55. Upon information and belief, Plaintiff's termination was pre-textual. In actuality, Plaintiff was terminated in retaliation for the numerous complaints she had made.

### D. EEOC Complaint

56. On April 7, 2020, Plaintiff submitted a charge of discrimination to the Equal Employment Opportunity Commission (herein referred to as "EEOC").

57. On July 8, 2020, Plaintiff received a Notice of Right to Sue from the United States Department of Justice acting in accordance with the EEOC.

58. This complaint is filed within 90 days of receipt of the notice.

## COUNT I
## **VIOLATION OF TITLE VII (29 U.S.C. §2000e-2)**

59. Plaintiff hereby repeats and realleges all allegations set forth as if fully set forth herein.

60. Defendants are "employers" as defined under Title VII.

61. Plaintiff is an "employee" as defined under Title VII.

62. Defendants' conduct constituted unlawful discrimination against Plaintiff under Title VII, in violation of Chapter 21, Title 42 *et. seq.*, of the United States Code and specifically 42 U.S.C. §2000e-2, which states that:

> It shall be an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's… sex.,.

63. Defendants, by reason of the foregoing occurrences, and by its behavior, actions and conduct, repeatedly discriminated against Plaintiff on the basis of her sex.

64. Defendants' conduct constituted unlawful discrimination under Title VII based upon Plaintiff's sex, in violation of 42 U.S.C. §2000e-2.

65. Despite placing Defendants on notice numerous times of the discriminatory conduct Plaintiff suffered, Defendant repeatedly failed to take any appropriate remedial action.

66. Defendants, by their conduct, discriminated against Plaintiff and forced Plaintiff to endure adverse employment actions affecting and altering the terms, conditions and privileges of her employment in violation of 42 U.S.C. §2000e-2.

67. Defendants' discriminatory acts and conduct were willful, and/or intentional, and/or malicious, and/or reckless, and/or known to Defendant and were

8

designed and intended to cause and create an oppressive, hostile and harassing work environment in complete reckless disregard for Plaintiff's rights.

68. As a direct and proximate result of Defendants' unlawful and persistent pattern of discrimination against Plaintiff on the basis of her sex. Defendants are liable to Plaintiff pursuant to 42 U.S.C. §2000e-2, for the physical, psychological, emotional, and financial harm they caused her to suffer and of which she continues to suffer, in addition to any such other remedies as may be deemed just and appropriate.

## COUNT II
## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

69. Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

70. Defendants are "employers" as defined by the State HRL.

71. Plaintiff is an "employee" as defined by State HRL.

72. The abovementioned acts of the Defendants constitute unlawful discrimination against the Plaintiff, under State HRL in violation of Article 15, § 290 *et. seq.* of the New York State Executive Laws and specifically § 296 thereof, which states that:

> It shall be unlawful discriminatory practice: (a) for an employer or licensing agency, because of an individual's . . . . sexual orientation, gender identity or expression…sex . . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

73. Plaintiff was discriminated against due to her gender and sexual orientation.

74. Due to the Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer significant financial loss and emotional distress for which she is entitled to an award of monetary damages and other relief.

## COUNT III
## VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

75. Plaintiff hereby repeats and realleges all allegations as if fully set forth herein.

76. Defendants are "employers" as defined in the City HRL.

77. Plaintiff is an "employee" defined by the City HRL.

78. The abovementioned acts of the Defendants constitute unlawful discrimination against Plaintiff in violation of Chapter I, Title 8 of the Administrative Code of the City of New York, § 8-107 under the City HRL, which states that:

> It shall be an unlawful discriminatory practice: (a) for an employer . . . . because of the actual or perceived . . . . gender…sexual orientation . . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

79. As stated above, Defendants, through its conduct discriminated against Plaintiff.

80. Defendants' actions forced Plaintiff to suffer unfavorable employment actions that affected and altered the terms, conditions, and privileges of her employment.

81. Defendants failed to engage in any cooperative dialogue with Plaintiff regarding her complaints of discrimination.

82. As a direct and proximate result of the Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in an amount to be determined by a jury that is sufficient to compensate Plaintiff for all pain and suffering, humiliation, emotional distress, stress and mental anguish;

b. Economic damages in the form of back pay and compensation for lost benefits, plus pre-judgment interest;

c. Damages in the form of front pay or reinstatement, plus pre-judgment interest;

d. An award of punitive damages sufficient to deter Defendants from engaging in future unlawful conduct;

e. Reasonable costs and attorney's fees; and

f. Any further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as of right by jury.

Dated: New York, New York
October 2, 2020

Respectfully submitted,

By: *Seth Asher Nadler*
Seth Asher Nadler, Esq.
Imbesi Law Group PC
1501 Broadway, Suite 1915
New York, NY 10036
Tel: (646) 767-2270
Fax: (212) 658-9177