UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERICA RODRIGUEZ,

                Plaintiff,

– against –

HOSTOS COMMUNITY COLLEGE, and
CITY UNIVERSITY OF NEW YORK,

                Defendants.

**OPINION AND ORDER**

20-cv-8143 (ER)

Ramos, D.J.:

    Erica Rodriguez brings this suit against Hostos Community College and City University of New York alleging employment discrimination in violation of Title VII, New York State Human Rights Law ("SHRL"), and New York City Human Rights Law ("CHRL").  Doc. 1. Before the Court is Defendants' motion to dismiss the Second and Third causes of action due to Rodriguez's failure to comply with New York Education Law § 6224's notice of claim requirements.

    For the following reasons, Defendants' motion is GRANTED.

## I.  BACKGROUND

### A.  Factual Background

    Around April 2019, Erica Rodriguez was hired as a custodian at Hostos Community College ("HCC").  Doc. 1 ¶¶ 15–17.  During her time working as a custodian, she alleges she experienced discrimination from other HCC employees and supervisors on the basis of her gender (female) and sexual orientation (lesbian), resulting in her termination on December 9, 2019. *Id.* ¶¶ 19–23, 51–55.  Following her termination, Rodriguez filed a complaint with the Equal Employment Opportunity Commission on April 7, 2020, and received a Notice of Right to Sue on July 8, 2020. *Id.* ¶¶ 56–57.  On October 2, 2020, Rodriguez initiated this suit against

HCC and the City University of New York, alleging discrimination on the basis of gender and sexual orientation in violation of Title VII, SHRL, and CHRL. *Id.* ¶¶ 2, 5.

### B. Instant Action

On March 3, 2021, Defendants filed a motion to dismiss the Second and Third causes of action regarding the SHRL and CHRL claims due to Rodriguez's failure to comply with the notice of claim requirements of New York Education Law § 6224. Doc. 14. Rodriguez acknowledges that she did not file notice of claim with the Defendants prior to commencing this action, but argues that a notice of claim is not required for cases involving discrimination.[1] Doc 12. The question before the Court is whether Education Law § 6224's notice of claim requirement applies to discrimination claims.

## II. ANALYSIS

Section 6224 expressly incorporates the requirements of General Municipal Law §§ 50-e and 50-i, which include "the requirement of filing a notice of claim within 90 days as a condition precedent to bringing suit against a community college of the City University of New York (CUNY)." *McKie v. LaGuardia Cmty. Coll./CUNY*, 85 A.D.3d 453, 454 (1st Dep't. 2011); N.Y. Educ. Law § 6224(2) (McKinney 2021). Section 6224 "applies to *all* claims" involving a community college of the city university of New York. *McKie*, 85 A.D.3d at 454; *see also Washington v. Borough of Manhattan Cmty. Coll.*, No. 16 Civ. 6168 (PAE), 2016 WL 7410717 (S.D.N.Y. Dec. 21, 2016); *Fells v. Borough of Manhattan Cmty. Coll.*, No. 17 Civ. 7117 (AT), 2018 U.S. Dist. LEXIS 146509 (S.D.N.Y. Aug. 27, 2018). Since Rodriguez did not file timely notice of her claim as required by § 6224, her SHRL and CHRL claims must be dismissed.

---

[1] On March 12, 2021, Rodriguez filed an Order to Show Cause in New York County Supreme Court requesting leave to file a late notice of claim in accordance with Education Law § 6224. Doc. 16, Ex. 1. On April 8, 2021, that request was denied. Doc. 19, Ex. A.

Rodriguez argues that under *Margerum v. City of Buffalo*, 28 N.E.3d 515 (N.Y. 2015), the notice of claim requirement does not apply to her discrimination claims because they are based on human rights law.  Doc. 18 at 5.  However, "*Margerum* held only that the notice of claim requirements of General Municipal Law §§ 50-e and 50-i do not apply in 'an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i *provide the only notice of claim criteria*.'"  *Washington*, 2016 WL 7410717, at *2 (quoting *Margerum*, 28 N.E.3d. at 518–19).  Section 6224 "provide[s] alternate notice of claim criteria," and, unlike General Municipal Law §§ 50-e and 50-i, § 6224's notice of claim requirement applies to *all* claims, including discrimination claims.  *Id.*

Rodriguez acknowledges that there are conflicting decisions among the district courts in the Circuit and cites to two cases where the court held that the notice of claim requirements did not apply under § 6224:  *Keles v. Yearwood*, 254 F. Supp. 3d 466 (E.D.N.Y. 2017), and *Colas v. City of Univ. of N.Y.*, No. 17-CV-4825 (NGG), 2019 WL 2028701 (E.D.N.Y. May 7, 2019).  The court in *Keles* held that the notice of claim requirements incorporated through General Municipal Law §§ 50-e and 50-i in § 6224(1) applied more narrowly.  *Keles*, 524 F. Supp. 3d at 471.  The court determined that the enactment of § 6224 "was meant to maintain the prior requirement that plaintiffs in tort actions against community colleges comply with § 50-e's notice of claim requirements," but not to expand that requirement further.[2]  *Id.*  However, as Judge Engelmayer did in *Washington v. Borough of Manhattan Community College*, this Court concludes that the plain language of § 6224 indicates that the requirements imposed by the statute are not restricted to specific types of claims in the same way that §§ 50-e and 50-i are.  Section 6224(1) applies to

---

[2] *Colas v. City of University of New York* similarly found that the notice of claim requirement did not apply to discrimination claims, but did not provide an additional analysis.  2019 WL 2028701.

"*actions and proceedings* based on a cause of action involving a community college"; 6224(2) likewise applies to an "*action or proceeding* based on a cause of action involving a community college"; and 6224(3) applies to "any person presenting to [the city university] for settlement an account or claim *for any cause whatever* against it." N.Y. Educ. Law § 6224(1)–(3) (McKinney 2021) (emphasis added). This language reflects § 6224's broader application than General Municipal Law §§ 50-e and 50-i. N.Y. Gen. Mun. Law § 50-e(1)(a) (applying to "any case founded upon tort"); *id.* § 50-i(1) (applying to proceedings involving "personal injury, wrongful death or damage to real or personal property"). Although § 6224 incorporates the procedural requirements of §§ 50-e and 50-i, § 6224 imposes those requirements to all claims, including to discrimination claims.

Rodriguez did not serve a notice of claim in compliance with Education Law § 6224. Therefore, her claims pursuant to SHRL and CHRL must be dismissed.

## III.   CONCLUSION

For the foregoing reasons, the Defendants' motion is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 14.

It is SO ORDERED.

Dated:   October 5, 2021
         New York, New York

                                                            _____
                                                            Edgardo Ramos, U.S.D.J.