UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ERICA RODRIGUEZ,

                              Plaintiff,

    – against –

HOSTOS COMMUNITY COLLEGE, and CITY UNIVERSITY OF NEW YORK,

                              Defendants.

**STIPULATION AND CONFIDENTIALITY ORDER**

20-CV-08143

------------------------------------------------------------------- X

**WHEREAS**, Plaintiff and Defendants ("the Parties") have sought certain documents and information from each other in discovery in this action, which defendants deem to be confidential ("Confidential Material"); and

**WHEREAS**, the Parties object to the production of those documents and information unless appropriate protection for their confidentiality is assured;

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. As used herein the term "Confidential Materials" shall be defined as : (1) any documents, including electronically-stored information and email communications, containing personal information of any present or former employee of the City of New York, except plaintiff including, but not limited to, information and documents regarding salary, payroll, promotions, training, discipline, evaluations, post and tour assignments, actual or potential personnel action, investigation files, disciplinary files, and internal Equal Employment Opportunity files; (2) any information of a personal or intimate nature regarding any individual, (3) medical records; or; (4)

1

any other category of information this Court subsequently affords confidential status. Medical records shall be designated as attorneys' eyes only.

2. **Method of Designating Documents and Information as Confidential.** There are two methods by which the Parties may designate material to be Confidential: (a) by marking "Confidential" on each page of the document or otherwise marking the Confidential Information "Confidential" in a fairly conspicuous fashion; or (b) by designating in writing the Bates-stamp numbered pages to be as designated as "Confidential." In addition, the Parties may designate portions of deposition testimony as "Confidential" at the time of the deposition or within 30 days after receipt of the final transcript by defendants. If a portion of deposition testimony is designated "Confidential," the court reporter shall mark that portion of the transcript accordingly in the text of the transcript itself. This Stipulation and Confidentiality Order does not preclude or waive a deponent's right to assert objections or respond to objectionable questions consistent with accepted practice of depositions.

3. **Subsequent Designation.** Documents and/or materials produced in this action that are not identified as Confidential Materials when they were initially produced may thereafter (including within a reasonable time after entry of this Order), be designated as Confidential by defendants by providing written notice to plaintiffs' counsel and any other person who received such documents or materials. Each Party or person who receives such written notice shall endeavor to retrieve any Confidential Materials that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

4. **Contesting Confidential Designations.** The Parties may object to the designation of information as "Confidential" by notifying counsel for the other party in writing at

any time during the litigation. The Parties will first try to resolve any disputes in good faith on an informal basis, but if a resolution is not reached, either Party may seek appropriate relief from the Court. Until the Court issues an order resolving the dispute, the Parties shall treat the disputed documents as Confidential.

      5.    **Use and Disclosure of Confidential Materials.** The Confidential Materials shall be used by the Parties solely for the purpose of this action, and, unless the Court for good cause shown rules otherwise, such Confidential Materials shall not be disclosed by the Parties to any other persons other than the following qualified recipients:

    a.    members of plaintiff's counsel's firm and/or office, including any contractors or individuals engaged by the plaintiffs in connection with performing services in this litigation or disposition of this action;

    b.    the court reporter(s) or videographer(s) undertaking his or her duties in a deposition relating to this matter;

    c.    deponents, during the course of their depositions;

    d.    any judge or other personnel of the Court, before which this matter is pending (including any appeal), in order to perform the duties of the Court; and

    e.    persons retained by the Parties to furnish expert services to advise or to give expert testimony in this action, or persons specially employed by the Parties or engaged by the Parties for the litigation or disposition of this action to perform investigative work, data entry, or fact research, who have reviewed and consented to be bound by this Protective Order by executing Exhibit A, further described in paragraph 6, below.

Confidential Materials disclosed to persons defined in subparagraphs (a) through (e) above shall not be disclosed by them to any other person not included within the foregoing subparagraphs (a) through (e) of paragraph 5 nor shall any such Confidential Materials be used by any such person for any purpose other than discovery, settlement, preparation, trial, and appeal of this action. These individuals shall be so advised of their duty to maintain confidentiality.

Should any Confidential Material be disclosed in a deposition, all Confidential Information and/or documents disclosed therein, and any transcripts made of such deposition, shall be treated in accordance with the terms of this Confidential Order.

6. **Production of Confidential Materials to Experts.** Any person identified in 5(e) above who is to be provided access to the Confidential Materials shall be provided a copy of this Stipulation and Confidentiality Order and be required to sign a written statement (to be held by plaintiff's counsel) submitting to this Court's jurisdiction (for the purpose of enforcing this Protective Order) before receiving such Confidential Materials. The form of such statement shall be consistent with Exhibit A, attached hereto.

7. **Filing Documents Under Seal.** If a party intends to file sealed or redacted papers with the Court which incorporates Confidential Materials or reveals the contents thereof, that party must apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for E-filing sealed documents in civil cases. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. Nothing in this Stipulation and Confidentiality Order shall be construed to limit the Parties' use of their own produced Confidential Materials in any manner.

9. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

10. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

11. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

12. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

13. Within 60 days of the conclusion of this litigation, whether by settlement or final decision of the Court of last resort, all copies of any confidential documents, or documents containing confidential information, shall be destroyed or returned to the disclosing attorney. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery

Material remain subject to this Order. Counsel for the receiving party shall then confirm in writing to opposing counsel that, other than as set forth in the foregoing sentence, the confidential information has been returned or destroyed.

14. Nothing in this Stipulation and Protective Order shall limit the Parties' own use of its Confidential Materials nor shall it serve to limit a party's right to review, withhold or redact documents and related information (including metadata) for relevance, responsiveness, as required by state or federal statute, or on the basis of privilege.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

A facsimile copy of the signatures and of this stipulation can be considered the same as an original for the purposes of this stipulation.

Dated:      New York, New York
            April 6, 2022

| | |
|---|---|
| **BRITTANY WEINER** | **HON. SYLVIA O. HINDS-RADIX** |
| Imbesi Law Group P.C. | Corporation Counsel of the City of New York |
| Attorney for Plaintiff | Attorney for Defendants |
| 1501 Broadway, 12th Floor | 100 Church Street, Room 2-316 |
| New York, NY 10036 | |
| (646) 767-2271 | |

brittany@lawicm.com

By: *Brittany Weiner* (Digitally signed by Brittany Weiner, DN: cn=Brittany Weiner, o, ou, email=brittany@lawicm.com, c=US, Date: 2022.04.06 14:27:32 -04'00')

Brittany Weiner

New York, New York 10007
(212) 356-3522

By: _____
Elisheva L. Rosen
Assistant Corporation Counsel

**SO ORDERED:**

_____
Edgardo Ramos, U.S.D.J
Dated: April 7, 2022
New York, New York

7